[Cite as *Phillips v. Director, Dept. of Job & Family Servs.*, 2018-Ohio-4662.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


KAREN J. PHILLIPS,                     :        **O P I N I O N**

           Appellant,               :

      - vs -                            :        **CASE NO.  2018-L-029**

DIRECTOR, OHIO DEPARTMENT OF    :
JOB AND FAMILY SERVICES, et al.,

           Appellee.                :

                                    :


Appeal from the Lake County Court of Common Pleas, Case No. 2012 CV 001716.

Judgment: Affirmed.


*Karen J. Phillips,* pro se, 34424 Euclid Avenue, Lot 531, Willoughby, OH  44094 (Appellant).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH  43215; and *Patrick MacQueeney,* Assistant Attorney General, 615 West Superior Avenue, 11th Floor, Cleveland, OH  44113 (For Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Karen J. Phillips, appeals from an October 26, 2012 judgment, entered by the Lake County Court of Common Pleas, dismissing her statutory Unemployment Compensation appeal for failure to prosecute.  We affirm.

{¶2}    On June 22, 2012, appellant filed a notice of appeal in the trial court, pursuant to R.C. 4141.282.  On September 18, 2012, the trial court filed an order in

which it noted that appellant had failed to file her brief within 30 days of the filing of the transcript. The court consequently ordered appellant to file her brief within 14 days of the judgment and notified her that failure to comply will result in dismissal of her appeal.

{¶3} On October 4, 2012, appellant, through counsel, filed a motion for extension of time to file her brief. On October 12, 2012, the trial court granted the motion in part, allowing appellant seven days to file her brief. The court again advised appellant that failure to comply with the deadline would result in a dismissal without prejudice. Appellant failed to file her brief and, on October 26, 2012, the trial court dismissed appellant's appeal without prejudice.

{¶4} On February 14, 2018, appellant filed a notice of appeal of the October 2012 judgment. Appellee, Director, Ohio Department of Job and Family Services, moved to dismiss the matter for lack of subject-matter jurisdiction because (1) it was untimely and (2) the October 2012 judgment was not a final appealable order. On June 19, 2018, this court denied the motion, ruling (1) the time for appeal never commenced because it was not properly served pursuant to Civ.R. 58(B) and (2) the order was final because an involuntary dismissal of an administrative appeal for failure to prosecute cannot be re-filed. The matter accordingly proceeded to briefing.

{¶5} Appellant filed a brief pro se, but did not assign any particular error. Appellee acknowledged this error and points out that the pleading does not challenge or even discuss the order of dismissal.

{¶6} App.R. 16(A) provides, in part:

{¶7} The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶8} (1) A table of contents, with page references.

2

**{¶9}** * * *

**{¶10}** (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

**{¶11}** (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

**{¶12}** (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

**{¶13}** (6) A statement of facts relevant to the assignments of error presented for review * * *.

**{¶14}** (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *.

**{¶15}** In her appellate brief, appellant protests that she did not defraud the "unemployment office" and any such allegation or finding has "ruined [her] reputation [and] credit rating." She contends the "unemployment office caused [her] years of grief and mental problems." And, as a result, she "would like this resolve[d] [and] would like a letter stating [she] did not [de]fraud unemployment."

**{¶16}** Appellant did not include a table of contents, she does not assign any error(s), nor did she set forth a statement of issues for this court's review. We acknowledge appellant does set forth a nominal "statement of the case." Nevertheless, she does not mention, let alone challenge, the disposition of the case in the trial court. And, while appellant sets forth facts, her failure to assign any error(s) and failure to challenge some specific action of the trial court renders the recitation valueless. Finally, and perhaps most significantly, appellant presents no clear argument for this court to analyze and evaluate.

3

{¶17} Appellant, who is proceeding pro se, is bound by the appellate rules and procedures the same as parties who retain counsel. *Snype v. Cost*, 11th Dist. Portage No. 2012-P-0001, 2012-Ohio-3892, ¶6. Appellant's failure to set forth any coherent argument upon which this court could grant relief as well as her near complete failure to comply with the requirements of the appellate rules and this court's local rules fundamentally precludes appellate review. We therefore hold the trial court's judgment dismissing appellant's statutory appeal for failure to prosecute is affirmed.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4